## THE STATE vs. WILLIAM FOX.

*Indictment, Murder. Verdict, Voluntary Manslaughter.*

1st. It is no ground for a new trial, that a part of the Jury separated from the rest without the knowledge of the Court, or the presence of an officer, unless there was evidence that they were tampered with, which might be presumed, if the absence was a considerable time.

2nd. When the Indictment is based upon the presentment of a Grand Jury, a misnomer of one of the Jury in the former, is no ground for the arrest of the Judgment.

Motion for a new trial, upon the following ground :—That some of the Jury separated for a few minutes from their fellow Jurors, without the consent or knowledge of the Court, or in the custody of an officer.

Upon an examination of the authorities, the Court finds the rule to be, that a mere separation of the Jury, for a short time, *per se,* will not avoid the verdict; but if the separation has been for a length of time, and under circumstances which induce a suspicion of their being tampered with, then the Court will exercise a sound discretion, and according to the facts of each case, will set aside, or sustain the verdict—(1 *Cowen* 221. *Barnes* 441. 8 *Pick'g.* 170. 4 *Cowen* 26. 1 Conn. Rep. 401. 1 *Gall.* 360. 1 *Halst.* 110. 2 *Hayw.* 238)—and it must appear that something more than a mere separation for a short time took place. In this case, it is not contended that any thing but a separation for a few minutes took place. This Court, therefore, overrules the motion for a new trial, upon the ground taken.

The prisoner then moves in arrest of judgment : because the Attorney General, in making out the *Indictment, founded on the presentment of a Grand Jury,* in setting out the names of the Grand Jurors, he has set out the name of *Philip D. Woolhopter* as *Philip C. Woolhopter,* and therefore there is a misnomer of the Juror; and Mr. MILLER, for the prisoner, quotes 4 *Johns.* R. Note 119. 5 *Johns.* R. 84. 2nd. Crown Cases (English) 303.

[State vs. Fox.]

The Atttorney General quotes, 11 *Petersd*. R. 545.   2nd. *T*. R. 5.
4 *T*. R. 469.   5 Term R. 525.

And the Court, upon further examination, and in 1 *Cro. Eliza.*
256—at that day, it was held amendable if the christian name was
right, and an error in the surname—as a man can have but one chris-
tian name, when he may have two surnames: and in 1 *Cro. Car.* 563,
it was held, that by the Stat. 21 of Jac. 1, a misnomer in the surname
was no ground for arresting the judgment.    Yet it was held, that at
Common Law, christian names of Jurors were also amendable.    So
in 2nd. *Barnes* 454, if it appear that it was the Juryman intended,
it will not arrest the judgment.

But from the decisions which prevail in this Circuit : that where
an Indictment is founded on the presentments of a Grand Jury, the
presentment must be given in evidence to sustain the charge ; and if
that be deficient in substance, the most perfect Indictment, framed
on it, cannot help the defect in the presentment.    The presentment
being in evidence in this case, and the name being properly
set forth, the names of the Grand Jurors were properly before
the Petit Jury : and, therefore, the motion, in arrest of judgment, is
also overruled.

JOHN SHLY, Judge
*Superior Courts, Middle District, Georgia.*